UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TERESA MARIE ZATARAIN, )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>ANDREW SAUL, )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>    *Defendant*. ) | Case No: 1:19-cv-94<br><br>Judge Christopher H. Steger |

## **MEMORANDUM OPINION**

Plaintiff Teresa Zatarain seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, according to 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 19].

For the following reasons, Plaintiff's Motion for Judgment on the Pleadings [Doc. 23] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 26] will be **GRANTED**; and judgment will be entered **AFFIRMING** the Commissioner's decision.

**I.**     **Procedural History**

In August 2015, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability on September 10, 2014. (Tr. 18). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a

result, Plaintiff requested a hearing before an administrative law judge. (*Id.*).

In February 2018, ALJ Suhirjahaan Morehead heard testimony from Plaintiff and a vocational expert, as well as argument from Plaintiff's attorney. The ALJ then rendered her decision, finding that Plaintiff was not under a "disability" as defined in the Act. (Tr. 28). Following the ALJ's decision, Plaintiff requested that the Appeals Council review her denial; however, that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint in March 2019, seeking judicial review of the Commissioner's final decision under § 405(g). [Doc. 1]. The parties filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. Findings by the ALJ

The ALJ made the following findings concerning the decision on Plaintiff's application for benefits:

1. Plaintiff had not engaged in substantial gainful activity since August 23, 2015, the application date (20 C.F.R. §§ 416.971 *et seq.*).

2. Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, osteoarthritis, osteoporosis, and dermatomyositis (20 C.F.R. § 416.920(c)).

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926).

4. Absent certain limitations, Plaintiff retained the residual-functional capacity to perform light work as defined in 20 C.F.R. §§ 416.967(b).

5. Plaintiff has no past relevant work (20 C.F.R. § 416.965).

6. Plaintiff was born on January 16, 1968, and was 47 years old, which is defined as a younger individual (age 18-49) on the alleged disability onset date (20 C.F.R. § 416.963). Plaintiff later changed age category to closely approaching advanced age (*Id.*).

7. Plaintiff has limited education and can communicate in English (20 C.F.R. § 416.964).

8. The transferability of job skills is not material to the determination of disability because Plaintiff does not have past relevant work (20 C.F.R. § 416.968).

9. Considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform (20 C.F.R. §§ 416.969, 416.969(a)).

10. Plaintiff has not been under a disability, as defined in the Social Security Act, from August 23, 2015, through the date of the ALJ's decision (20 C.F.R. § 416.920(g)).

(Tr. at 18-28).

## III. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if they: (1) are insured for DIB; (2) have not reached the age of retirement; (3) have filed an application for DIB; and (4) are disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, a claimant must show that they are unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether someone is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity, she is not disabled; (2) if the claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can

do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy that she can perform considering claimant's age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the findings of the Commissioner and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, then they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes there is a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But for the substantial-evidence

review, courts may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

**IV.   Analysis**

Plaintiff raises four issues: (1) whether the ALJ erred in evaluating the opinions of Plaintiff's provider; (2) whether the ALJ properly evaluated Plaintiff's subjective complaints; (3) whether Plaintiff's residual functional capacity was proper; and (4) whether the ALJ erred in failing to define what constitutes a "hazard." The Court will address each in turn.

   **A.   The ALJ's Evaluation of Plaintiff's Treating Provider**

Plaintiff first argues that the ALJ committed a reversible error as to Plaintiff's treating provider, Katharine Hall, M.D. [Doc. 25 at PageID #: 655-66]. In particular, Plaintiff contends that the ALJ "should have given controlling weight to the opinion of Dr. Hall because it is well-supported and not inconsistent with other substantial evidence in the record . . . ." [Doc. 25 at PageID #: 663].

If a treating physician's opinion as to the nature and severity of impairment is: (1) well-supported by medically-acceptable clinical and laboratory diagnostic techniques; and (2) is not inconsistent with the other substantial evidence in the case record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). In making this determination, the appropriate weight to be given to a treating physician's opinion should be based on the length of treatment, frequency of

examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the entire record, the specialization of the source, and other factors which tend to support or contradict the opinion. § 404.1527(c)(1)-(6).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must give "good reasons" for the weight given. § 404.1527(c)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996). "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that their physician has deemed them disabled and thus "might be especially bewildered when told by an administrative bureaucracy that [they] [are] not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ applies the treating-physician rule and permits a meaningful review of the rule's application. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

Here, the ALJ stated the following concerning Dr. Hall's opinion:

> The undersigned gives little weight to the medical source statements of Katherine Hall, M.D., who opined the claimant had severe limitations from her mental and physical impairments that would prevent her from working . . . . Dr. Hall was noted as providing her Valium for her panic attacks, but even her treatment notes indicating the Valium was also being used for her back pain with her noting no evidence of depression . . . . Dr. Hall did note some concerns with anxiety, but also noted appropriate interactions, no acute distress and that the claimant appeared well groomed, alert and oriented, contradicting her medical source statement of severe limitations in social functioning . . . . In addition, the consultative examiners noted the claimant was cooperative and pleasant with only mild difficulties with social interaction further limiting the value of her conclusion . . . . Similarly, the undersigned notes that her statements as to the claimant's physical limitations are

also inconsistent with each other, with Dr. Hall noting no ability to frequently lift any weight on one form, but ten pounds on another form. She also noted the claimant was limited to sitting for forty-five minutes on one form, but two hours on another form. She reported the claimant could not crawl, despite the claimant testifying that she had no difficulty crawling. The undersigned also notes similar inconsistencies in her treatment notes, with her indicating there was evidence of radiculopathy, even with nerve conduction studies noting no such findings . . . .

(Tr. 25-26). In reviewing the ALJ's decision in light of the "good reasons" standard, substantial evidence supports the ALJ's decision to give Dr. Hall's opinion only "little weight." The ALJ noted, for example, the extent of Dr. Hall's treatment relationship with Plaintiff, Dr. Hall's knowledge of Plaintiff's evolving condition, as well as the objective medical evidence supporting and contradicting Dr. Hall's opinion—including how Dr. Hall's medical source statement and opinions contradicted the record as a whole. (*Id.*); *see* 20 C.F.R. § 404.1527(c)(2). The ALJ found, for instance, that Dr. Hall's opinions were inconsistent with Plaintiff's admissions at the administrative hearing. (Tr. 26). Dr. Hall opined that Plaintiff could never crawl, but Plaintiff testified that she could. (Tr. 48, 433). Dr. Hall also provided an undated letter stating that Plaintiff suffered from cervical and lumbar radiculopathies (Tr. 558). But the nerve conduction study showed no radiculopathy (Tr. 26, 385, 395). Though "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick." *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010). The ALJ met that standard here by providing examples as to how Dr. Hall's records support and contradict other evidence. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 285-86 (6th Cir. 2009). Accordingly, the ALJ adequately explained their decision to give "little weight" to Dr. Hall's opinion, and substantial evidence supports that finding. *Keeler v. Comm'r of Soc. Sec.*, 511 F. App'x 472, 473 (6th Cir. 2013) (affirming the ALJ's determination of not giving a provider's

opinion controlling weight because the opinion "was contradicted by other evidence in the record demonstrating that Keeler was able to engage in significant physical activities . . . .").

**B.     Consideration of Plaintiff's Subjective Complaints**

Plaintiff next contends that the ALJ erred by not properly considering Plaintiff's subjective complaints. [Doc. 25 at PageID #: 666].

As an initial matter, Plaintiff's arguments about her credibility are within the ALJ's discretion. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (recognizing that the Sixth Circuit holds the ALJ's credibility findings to be virtually "unchallengeable") (citations omitted). An ALJ's findings on credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. But those findings must be supported by substantial evidence. *Id.* And "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

Turning to Plaintiff's subjective complaints of pain, in *Duncan v. Secretary of Health and Human Services*, the Sixth Circuit noted the following for evaluating subjective complaints:

> First, we examine whether there is objective medical evidence in an underlying medical condition. If there is, we then examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

801 F.2d 847, 853 (6th Cir. 1986). Whether the objective evidence confirms the severity of the alleged pain or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain, the ALJ must consider the following factors: (i) daily activities; (ii) the location, frequency, and intensity of the pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side

effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) treatment, other than medication, received or have received for relief of pain or other symptoms; (vi) any measures that are used or were used to relieve pain or other symptoms; (vii) other factors concerning functional limitations and restrictions due to pain or other symptoms. Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *3 (July 2, 1996) (citing 20 C.F.R. § 1529(c)(4)).

In considering Plaintiff's symptoms as well as the medical evidence, the ALJ found that Plaintiff's allegations regarding the limiting effects of her symptoms were not entirely credible. (Tr. 26); *see* 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all of your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). As a basis for this finding, the ALJ found the lack of objective evidence to support Plaintiff's complaints, her activities of daily living, discrepancies within the record, and the medical opinions not being supportive of the alleged disability. (Tr. at 21, 23-28). An ALJ may find a claimant's statements "less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." *See* SSR 96–7p, 1996 WL 374186, at *7. The evidence regarding the severity of Plaintiff's impairments is inconsistent and can support more than one reasonable conclusion. The Court will not second-guess the ALJ's finding since the ALJ gave numerous reasons, supported by the record, for determining that Plaintiff's subjective allegations were not entirely credible. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

9
Case 1:19-cv-00094-CHS   Document 28   Filed 08/03/20   Page 9 of 11   PageID #: 711

### C. Plaintiff's RFC Finding

Plaintiff's final contention is that the ALJ failed to evaluate Plaintiff's residual functional capacity properly. [Doc. 25 at PageID #: 675]. As to physical impairments, the ALJ gave significant weight to Dr. Blaine's opinion and little weight to the opinions of the state agency medical consultants as well as Dr. Hall. (Tr. 25-26). During Dr. Blaine's consultative exam, Plaintiff had no difficulty getting up from the chair or onto the examination table. (Tr. 320). She had normal gait, station, and tandem, heel, and toe walking with full ranges of motion except for her shoulders and lumbar spine, full strength, full grip strength, positive straight leg testing, and intact sensations except for her left foot. (Tr. 320-21). Dr. Blaine opined that Plaintiff could lift 30-40 pounds infrequently and 10 pounds frequently, sit for 8 hours, and stand and walk for 6-7 hours. (Tr. 321). The ALJ gave the opinion significant weight but noted that later MRIs showed further deterioration (Tr. 25). Consistent with Dr. Blaine's opinion, the ALJ found that Plaintiff could lift 10 pounds frequently, sit for 6 hours, and stand and walk for 6 hours (Tr. 23). The ALJ limited Plaintiff's occasional lifting to 20 pounds with frequent postural activities. (Tr. 23, 25).

Following Dr. Blaine's consultative examination, state-agency medical consultants reviewed the medical records. In January 2016, for example, Dr. McNeil reviewed the medical records and opined that Plaintiff could lift 50 pounds occasionally and 20 pounds frequently, sit for 6 hours, and stand and walk for 6 hours. (Tr. 72). Dr. McNeil also noted that Plaintiff could frequently climb and stoop. (Tr. 73). In another example, Dr. Walker reviewed the record and affirmed Dr. McNeil's opinion in April 2016. (Tr. 91). The ALJ gave these opinions little weight based on the slater submitted medical records. (Tr. 25). Considering this evidence, the ALJ limited Plaintiff to light work rather than medium work and found that Plaintiff could perform frequent postural activities with no exposure to hazards. (Tr. 25). Discerning no error, the Court finds that

substantial evidence supports the Plaintiff's RFC finding. *Ross*, 440 F.2d at 691 (noting that even if contrary evidence exists, if there is evidence to support the Commissioner's findings, then the Commissioner must be affirmed).

### D. Impact of what constitutes a "hazard"

At the end of her brief, Plaintiff noted that the ALJ erred by failing to define what constituted a "hazard" that Plaintiff must avoid. [Doc. 25 at PageID #: 676]. But agency policy defines "hazards." *See* Social Security Ruling ("SSR") 96-9p. That is, agency policy defines "hazards" to mean "moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high, exposed places; exposure to radiation; working [with] explosive; and exposure to toxic, caustic chemicals." The ALJ is not required to define a word that is already listed in agency policy.

Alternatively, the Court finds that Plaintiff waived her objection by not developing how the ALJ's failure to list what constitutes a "hazard" somehow constitutes legal error on the ALJ's part. *See Kennedy*, 87 F. App'x at 466 ("issues which are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *Elder*, 90 F.3d at 1118).

### V. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 23] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 26] will be **GRANTED**; and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE